UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FILED - GR
November 7, 2022 1:27 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: KB / 11-8

Kevin Thomas Jr

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

1:22-cv-1038
Robert J. Jonker - U.S. District Judge

v.

Alexander Ray Fox
Angela MoJo Curtis

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

## COMPLAINT
*(Print Clearly)*

I. **Previous Lawsuits**

   **CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $402.00 filing fee regardless of whether your complaint is dismissed.

   A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☐ No ☑

   B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

   1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   2. Is the action still pending? Yes ☐ No ☑
      a. If your answer was no, state precisely how the action was resolved: N/A

   3. Did you appeal the decision? Yes ☐ No ☑
   4. Is the appeal still pending? Yes ☐ No ☑
      a. If not pending, what was the decision on appeal? N/A

   5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☐
      a. If so, explain: N/A

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff Kevin Thomas Jr #571060

Place of Present Confinement Parnall Correctional Facility

Address 1780 E. Parnall Rd. Jackson, MI 49201

Place of Confinement During Events Described in Complaint Kent County Correctional Facility, 703 Ball, Grand Rapids, MI 49503

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants, attach extra sheets as necessary.

Name of Defendant #1 Alexander Fay Fox

Position or Title Detective

Place of Employment Kent County Sheriff Department (Lanet Division)

Address 701 Ball N.E Grand Rapids, MI 49503

Official and/or personal capacity? Official

Name of Defendant #2 Angela Moblo Curtis

Position or Title Prosecutor

Place of Employment Kent County Prosecutors office

Address 82 Ionia Ave NW, Ste 450, Grand Rapids, MI 49503

Official and/or personal capacity? _____

Name of Defendant #3 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

Name of Defendant #4 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

Name of Defendant #5 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

(W.D. Mich. Form – Last Revised: September 2021)

III. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

1) On or about 6/19/19, the defendants alleged that the Plaintiff directly committed the offense of delivery of a controlled substance causing the death of another individual. Detective Alexander Ray Fox was ahead of the entire investigation who falsefied information in the original complaint that Prosecutor Angela Moblo Curtis wholly relied on in deciding whether or not she was going to charge the Plaintiff, which ultimately she decided to do.

2) The original complaint alleges that on 6/19/19 in Wyoming, MI at 250 28th St. SW the Plaintiff did deliver heroin/fentanyl to the decendant, who at some point used those same drugs allegedly sold by the Plaintiff that led to her death.

3) The Plaintiff is asserting that the probable cause standard could not reasonably be met for the offense charged. The Plaintiff asserts that looking at the evidence, the burden of probable cause and the elements within finding such, could not of reasonably be met viewing the standard from a person of reasonable prudence to believe that the Plaintiff delivered heroin/fentanyl causing the death of another person.

④ Before deciding whether or not to charge the Plaintiff, the Prosecutor Angela MoNo Curtis had ample opportunity to review the specifics of the case. Having the opportunity to review the decendants Autopsy report, she learned that at the time of death, multiple drugs existed. The Plaintiff asserts that during an investigation spearheaded by detective Alexander Ray Fox, in an attempt to get the Plaintiff to deliver said narcotic, that nothing illegal was located on his person, nor in the immediate area searched by several officers, as well as a K-9 drug sniffing dog.

⑤ The Plaintiff asserts that based on the facts and evidence in this case, the Probable Cause standard is null.

⑥ The Plaintiff asserts that this case commenced due to the speculation and beliefs of Alexander Ray Fox, simply stated, probable cause is a Standard, not a persons mere speculation or belief.

⑦ The Plaintiff asserts that there was no Probable Cause in determining what, if any, drug was delivered by the Plaintiff because he was never arrested with any drugs, never sold to any informant, nor had any controlled buys, and being that the decendant had multiple drugs in her bloodstream

the question is, how could Probable Cause exist in making the determination that the heroin/fentanyl came from the Plaintiff.

8) The Plaintiff is asserting that no Probable Cause existed for the charge of delivering a controlled Substance causing death, which disqualifies qualified immunity for the defendants

9) Trial Commenced in this matter on 7/8/2022 returning a verdict of not guilty on all charges, the lesser included being delivery of a controlled substance 50 grams or less.

10) The Plaintiff is asserting that a claim for Malicious Prosecution exist under a ~~~~ KTJ 42 U.S.C § 1983 because his due process rights were violated under the fourth as well as 14th amendment and all elements for this claim exist

IV. **Relief**

State briefly and precisely what you want the court to do for you.

I ask the Court to view the Case in Light most favorable to the Plaintiff and to allow the jury to be the fact finder in determining whether or not Probable Cause existed.

V. **Notice to Plaintiff Regarding Consent**

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

☑ I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

☐ I request that this case be assigned to a district judge.

11-2-22
**Date**

*Kevin Thomas*
**Signature of Plaintiff**

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

Prisoner Name: Kevin Thomas Jr
Prisoner Number: 571060
PARNALL CORRECTIONAL FACILITY
1790 E. Parnall Rd.
Jackson, MI 49201-7139

METROPLEX MI 480
3 NOV 2022 PM 5 L



ZIP 49201 $001.05
02 4W
0000386677 NOV 03 2022

U.S. District Court
399 Federal Building
110 Michigan St. NW
Grand Rapids, MI 49503

49503-236399