UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN THOMAS, JR.,

        Plaintiff,

v.

ALEXANDER RAY FOX et al.,

        Defendants.
_____/

Case No. 1:22-cv-1038

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has moved for the appointment of counsel. (ECF No. 6.) Additionally, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against Defendant Curtis on grounds on prosecutorial immunity. Plaintiff's malicious prosecution claim against Defendant Fox remains. The Court will order service of the complaint on Defendant Fox.

**Discussion**

I.     **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Plaintiff is serving a sentence of 6 to 40 years following his *nolo contendere* plea to a charge of armed robbery in the Kent County Circuit Court on December 3, 2019. Register of Actions, *People v. Thomas*, No. 19-06174-FC (Kent Cnty. Cir. Ct.), available at https://www.accesskent.com/CNSearch/ (search First Name "Kevin," Last Name "Thomas," Year of Birth "1985," Case Type "Criminal;" select Case Number "19-06714-FC") (last visited Jan. 3, 2023). But this action does not arise from Plaintiff's present incarceration. It arises from a different prosecution that occurred while Plaintiff was incarcerated for the armed robbery.

Plaintiff sues Kent County Sheriff's Department Detective Alexander Ray Fox and Kent County Assistant Prosecutor Angela Moblo Curtis. Plaintiff alleges that Defendant Fox falsified information in an original complaint, claiming that Plaintiff sold heroin/fentanyl to a person who used the drugs and, as a result, died. Based on Defendant Fox's false statements, Plaintiff claims that Defendant Curtis maliciously prosecuted Plaintiff for delivering a controlled substance causing death, in violation of Mich. Comp. Laws § 750.317A. On July 8, 2022, a Kent County Circuit Court jury found Plaintiff not guilty of that crime and not guilty of the lesser included offense of unlawful delivery of a controlled substance. Register of Actions, *People v. Thomas*, No. 20-02778-FH (Kent Cnty. Cir. Ct.), available at https://www.accesskent.com/CNSearch/ (search First Name "Kevin," Last Name "Thomas," Year of Birth "1985," Case Type "Criminal;" select Case Number "20-02778-FH") (last visited Jan. 3, 2023).

## II. Appointment of counsel

Plaintiff has requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel (ECF No. 6) will be denied.

## III. Malicious prosecution

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit recognized the existence of a claim of malicious prosecution arising under the Fourth Amendment, which is cognizable in an action under § 1983. *Id.* at 308 (citing *Wallace v. Kato*, 549 U.S. 384, 390 n.2

(2007)) (assuming without deciding that such a claim existed). The *Sykes* court held that, to succeed on a malicious prosecution claim, a plaintiff must show that: (1) a prosecution was initiated against the plaintiff and that the defendant participated in the decision; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceedings; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id.* at 308–09; *see also Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Sykes*, 625 F.3d at 308–09); *Gregory v. City of Louisville*, 444 F.3d 725, 727 (6th Cir. 2006). A Fourth Amendment claim for malicious prosecution does not require that a Plaintiff demonstrate that the defendant acted with malice. *Sykes*, 625 F.3d at 309–10. In fact, under established Fourth Amendment jurisprudence, a defendant's intent is irrelevant to the analysis, which rests on a determination of reasonableness. *Id.*

Plaintiff has alleged the basic elements of a malicious prosecution claim: that a prosecution was initiated against Plaintiff, that Defendants participated in the decision to prosecute, that Defendants did not have probable cause to pursue the prosecution, and that the criminal proceeding was resolved in Plaintiff's favor. Plaintiff's claim against Defendant Curtis, however, cannot proceed.

The prosecutor is also entitled to absolute immunity for her actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130. The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v.*

4

*Pachtman*, 424 U.S. 409, 431 (1976). Acts which occur in the course of the prosecutor's role as advocate are entitled to the protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276–78 (1993).

Plaintiff's allegations do not support an inference that Defendant Curtis's actions strayed beyond her role as an advocate for the state into the investigatory functions normally performed by a detective. To the contrary, Plaintiff's allegations make clear that it was Defendant Fox who falsified information during his investigation and that Defendant Curtis "wholly relied on [that information] in deciding whether or not she was going to charge the plaintiff . . . ." (Compl., ECF No. 1, PageID.3.) Based on Plaintiff's allegations, Defendant Curtis did nothing more than initiate and pursue a criminal prosecution. Accordingly, she is entitled to absolute immunity, and Plaintiff's claim against her is properly dismissed.

## Conclusion

The Court will deny Plaintiff's motion to appoint counsel at this time. Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against Defendant Curtis will be dismissed on grounds of absolute prosecutorial immunity, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's claims against Defendant Fox remain; the Court will order service of the complaint on Defendant Fox.

An order consistent with this opinion will be entered.


Dated:     January 23, 2023              /s/ Robert J. Jonker
                                                                           Robert J. Jonker
                                                                           United States District Judge